UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GULF STATES REAL ESTATE SERVICES OF LOUISIANA, L.L.C. | * | CIVIL ACTION |
| VERSUS | * | NO: 09-8088 |
| DOMINION CENTRE, L.L.C., ET AL | * | SECTION: "D"(4) |

### ORDER AND REASONS

Before the court is **"Motion for Reconsideration and to Permit Amendment to Complaint"** (Doc. No. 35) filed by Plaintiff, Gulf States Real Estate Services of Louisiana, L.L.C.. Defendant, Girod Street L.L.C., and Defendants, Dominion/NO Centre, LLC and Neve Yerushahayim New Orleans Holdings, LLC, filed memoranda in opposition. The motion, set for hearing on Wednesday, June 2, 2010, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motions should be denied.

In its motion, Plaintiff asks the court to reconsider: (1) its "Order and Reasons" of May 5, 2010 wherein the court granted the Motions to Dismiss filed by Defendants; and (2) "Judgment" of May

5, 2010, dismissing Plaintiff's Complaint. Plaintiff seeks reconsideration so that it can ultimately amend its Complaint.[1] However, Plaintiff fails to offer any plausible factual allegations upon which its procuring cause claim (the sole claim asserted in its Complaint) can be adequately based and not subject to dismissal. Thus, the court concludes that any amendment would be futile. *Goldstein v. MCI Worldcom*, 340 F.3d 238, 254-55 (5th Cir. 2003), *citing Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) and 6 CHARLES ALAN WRIGHT, FEDERAL PRACTICE & PROCEDURE, §1489 (2d ed. 1990)(stating that "if a complaint as amended could

---

[1] Plaintiff argues that:

> As reflected in the relevant footnotes to a Rule 12(b)(6) Dismissal, the Courts will generally permit the pleader an opportunity to amend unless an amendment would be futile. See *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981,989 (9th Cir. 2009); *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d773,7870 (*sic*)(7th Cir. 2007); *Alston v. Parker*, 363 F.3d 229,232 (3rd Cir. 2004).

(Plaintiff's Supporting Memo., Doc. No. 35-1 at p. 1).

In making this argument, Plaintiff correctly asserts the "futility" rule, but Plaintiff fails to identify the "relevant footnotes." Further, to the extent that Plaintiff seeks to amend its complaint, Plaintiff's reliance on the cited cases is misplaced. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)(affirming Rule 12(b)(6)dismissal of second amended complaint because Plaintiff failed to adequately plead scienter just as it had failed to do so in the First Amended Complaint); *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d773, 782 (7th Cir. 2007)(affirming dismissal of amended complaint which like the original complaint failed to allege sufficient facts in a Title VII retaliation case); *Alston v. Parker*, 363 F.3d 229,236 (3rd Cir. 2004)(civil rights plaintiff should be offered leave to amend "unless a curative amendment would be inequitable, futile, or untimely" and holding that a civil rights plaintiff need not plead facts with particularity unlikely good law after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).

Later in its memorandum (at p. 2), Plaintiff cites *Ostrenski v. Seigel*, 177 F.3d 245, 252-53)(4th Cir. 1999), which affirmed dismissal of a defendant( who was a medical peer reviewer) based on absolute quasi-judicial immunity under Maryland law.

2

not withstand a motion to dismiss, then the amendment should be denied as futile").

Accordingly;

**IT IS ORDERED** that the **"Motion for Reconsideration and to Permit Amendment to Complaint"** (Doc. No. 35) filed by Plaintiff, Gulf States Real Estate Services of Louisiana, L.L.C., be and is hereby **DENIED**.

New Orleans, Louisiana, this **2nd** day of **June**, **2010**.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　A.J. McNAMARA
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE